Williams, J.
The ground for the attachment, as stated in the affidavit on which it was procured, is, that “ the defendant has property or rights in action which he conceals.” This charge having been denied by the affidavit of the defendant, it devolved upon the plaintiff to sustain it by proper evidence. Without such evidence, it was the duty of the justice to discharge the attachment; and his order refusing to discharge it, was reviewable by petition in error, in the court of common pleas. Such proceeding is specifically authorized by section *55 ■6524 of the Revised Statutes, which provides that “ any party to a suit, affected by an order discharging or refusing to dis•charge an order of attachment, shall be entitled to file a petition in error in the court of common pleas to reverse, vacate, or modify the same, and, when necessary, a bill of exceptions may be taken and signed for this purpose.” It is, however, -contended, that a bill of exceptions can only be taken to the -opinion of the justice upon some question of law, and that there is no authority for embodying in the bill, the evidence heai'd by the justice, for the purpose of reviewing his dfecisipn upon it. Baer v. Otto, 34 Ohio St. 11, is relied on in support -of this claim. It was said in that case, “that there is no pro - vision made by legislation, as it now stands, for preserving the ■evidence offered on such'mot-ion, or for reviewing the decision •of the justice, upon the ground that such order, either in granting or refusing the motion, is contrary to the evidence.”
When that case was decided, the only statute providing for Tills of exceptions in proceedings before justices of the peace, was the act of February 11, 1869 (66 Ohio L. 7), under which, the extent of the right of the party, was “ to except to "the opinion of the justice upon any question of law arising ■during the trial of the cause,” and, of the duty of the justice, to sign and seal a bill containing such exceptions, if truly alleged, with the point decided.” Since that decision, section 6524 has been made part of the justice’s code, and affords ample authority for taking bills of exceptions to the orders of Justices discharging or refusing to discharge orders of attachment. The section contains no such limitation as that contended for, but is broad enough to allow any questions to be raised by bills of exceptions taken under its provisions, that may properly be presented by a bill of exceptions. If the •question thus presented is simply one of the weight of the evidence, this court will not enter upon its review, or disturb the judgment of the conrt below. But, whether there was any evidence tending to* sustain the charge made in the affidavit for the attachment, is a question of law, which the plaintiff in ■error is entitled to have determined by this court. It is only with this view, that we have examined the bill of exceptions *56 before us, and from such examination we conclude there was no evidence of that character.
The court of common pleas therefore rightly reversed the order of the justice of the peace, and dismissed the attachment, and in reversing that judgment, the district court erred.
Judgment of the district court reversed, and that of the common pleas affirmed,.